

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00044-CR

KATINA COSETTE THEUS                                                  APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In a single issue, Appellant Katina Cosette Theus argues that she received ineffective assistance of counsel because defense counsel's on-the-record pretrial questioning of her caused the State to learn that she had a prior conviction of which the State was not previously aware. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

Theus was charged with possession of cocaine in the amount of more than 400 grams.  Theus's counsel did not file a motion for community supervision because she was ineligible based on a prior felony conviction from Oklahoma.[2]

On the first day of the proceedings, and before the jury panel entered the courtroom, defense counsel called Theus to testify regarding her ineligibility for community supervision:[3]

> Q.    [Y]ou and I've had quite a while to talk about your case?
>
> . . . .
>
> A.    Yes.
>
> Q.    And is it—I did not file a motion to—for—to make you probation eligible in this matter; is that correct?
>
> A.    Correct.
>
> Q.    And you understand that and you're okay with that?
>
> A.    Yes.

---

[2]Had Theus not previously been convicted of a felony, she would have been eligible for community supervision.  The charged offense is punishable by confinement for life, or for a term of not more than ninety-nine years or less than ten years, and a fine not to exceed $100,000.  Tex. Health & Safety Code Ann. § 481.115(f) (West 2010).  If the jury assessed her punishment at the minimum of ten years' confinement, it could recommend community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 4 (West Supp. 2012).  For a defendant to be eligible for community supervision, however, the defendant must file a verified motion before trial begins, affirming that she has not previously been convicted of a felony in Texas or in any other state.  *Id.* art. 42.12, § 4(e).

[3]The parties referred to community supervision as "probation" at trial.

Q. And after we've talked, you understand why I'm doing that and you don't have any objection to my not filing a motion to—for probation?

A. Yes.

The trial court then brought in the jury panel and commenced voir dire proceedings. After jury selection, defense counsel informed the trial court that Theus planned to enter a guilty plea and that he needed to establish the voluntariness of her plea. The trial court dismissed the jury, and defense counsel once again questioned Theus:

Q. Now, we've talked about all the different trial strategies that we can take in a case like this, haven't we?

A. Yes, sir.

Q. And it is based upon our several meetings that we've had over the course of the time, is it your opinion that you would fa[re] better—first of all, you do understand you are not eligible for probation?

A. Yes, sir.

Q. And I—that's why I did not file any application for probation. That was under your instruction, correct?

A. Yes.

Q. And you—have you come to the conclusion that it would be— serve your best interest to enter a plea of guilty to the offense and proceed to punishment?

A. Yes, sir.

On cross-examination, the State asked:

Q. Ma'am, you testified that you are not eligible for probation; is that correct?

A. Yes, sir.

3

Q.     And the reason you are not eligible for probation is you were convicted of the offense of aggravated robbery in Oklahoma in 1991, sentenced to 25 years' confinement in the Oklahoma Department of Corrections; is that correct?

A.     That is correct, sir.

Q.     And you served your time there from 1991 until 2004; is that correct?

A.     Yes, sir.

The State gave defense counsel notice of its intent to introduce evidence of her prior conviction.

The following day, before the jury entered the courtroom, defense counsel objected to the State's intent to use Theus's prior Oklahoma conviction based on insufficient notice.  The State responded that it had just learned of the prior conviction the previous day because, after Theus did not file an application for community supervision and after she made a statement on the record as to why, the State conducted a record check on her, which revealed the prior conviction. The trial court overruled defense counsel's objection.

Theus entered her guilty plea and the trial proceeded to the punishment phase, during which the jury heard details of her prior aggravated robbery.[4]  The

---

[4]On direct examination, Theus conceded that she had previously been convicted of a felony.  On cross-examination, Theus testified to the details of the robbery.  She was riding in a car with two men.  The driver of her car crashed into another vehicle, causing a minor accident.  Theus and the two men, all armed with guns, got out of the car and robbed the occupants of the other vehicle.  Theus testified that she pointed an unloaded revolver at the victims and demanded money.

4

jury assessed her punishment at a $50,000 fine and sixty-five years' confinement, and the trial court sentenced her accordingly.

### III. EFFECTIVE ASSISTANCE OF COUNSEL

In her sole issue, Theus argues that there was no reason for defense counsel to elicit her pretrial testimony, except that he wanted to put on the record that Theus understood why he did not apply for community supervision. She further claims that her testimony caused the State to discover her prior felony conviction—evidence of which the State presented to the jury during the punishment stage of trial, "likely increasing her sentence." In sum, Theus argues that because defense counsel "was clearly only thinking of himself, and not his client's best interest," she suffered a harsher sentence than she otherwise would have.

The proper standard by which to analyze claims of ineffective assistance of counsel due to a conflict of interest is set out in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708 (1980). *Acosta v. State*, 233 S.W.3d 349, 349 (Tex. Crim. App. 2007). The appellant must show that her trial counsel had an actual conflict of interest ("'actively represented conflicting interests'") and that the conflict actually colored ("'adversely affected'") counsel's actions during trial. *Id.* at 353 (quoting *Cuyler*, 446 U.S. at 349–50, 100 S. Ct. at 1719). Until an appellant shows that her counsel actively represented conflicting interests, she has not established the constitutional predicate for her ineffective assistance claim. *Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719.

5

Under the first prong of the *Cuyler* test, an actual conflict of interest exists when counsel is required "'to make a choice between advancing his client's interest *in a fair trial* or advancing other interests (perhaps counsel's own) to the detriment of his client's interest.'" *Acosta*, 233 S.W.3d at 355 (emphasis added) (quoting *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997)). "[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues . . . ."[5] *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984). A trial is not considered unfair unless the ineffective assistance of counsel "deprive[s] the defendant of any substantive or procedural right to which the law entitles [her]." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993).

Here, defense counsel was not faced with a choice between advancing his own interest or advancing Theus's interest in a fair trial—that is, a trial in which she was not deprived of a substantive or procedural right. *See Acosta*, 233 S.W.3d at 355; *accord Garcia v. State*, No. 13-10-00033-CR, 2011 WL 2463049, at *10–11 (Tex. App.—Corpus Christi June 16, 2011, pet. ref'd) (mem. op., not designated for publication); *Price v. State*, No. 01-09-01082-CR, 2011 WL 1587520, at *3 (Tex. App.—Houston [1st Dist.] Apr. 21, 2011, pet. ref'd) (mem. op., not designated for publication). Evidence of Theus's prior conviction was

---

[5]Although we are not applying the *Strickland* test in this case, the definition of a fair trial is still applicable under the *Cuyler* test; in order for an actual conflict of interest to exist, counsel's choice must be between advancing his client's interest in a fair trial and advancing other interests. *See id.*

admissible during the punishment phase of her trial.[6]  *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2012) ("Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . .").  Thus, even if we were to accept that defense counsel was advancing his own interest in eliciting Theus's pretrial testimony,[7] we cannot say that, in doing so, he was faced with and made a decision not to advance his client's interest in a fair trial.  *See Lockhart*, 506 U.S. at 372, 113 S. Ct. at 844.

We conclude that Theus has not met her constitutional predicate for her ineffective assistance claim.[8]  *See Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719; *Acosta*, 233 S.W.3d at 355.  We overrule Theus's sole issue.

---

[6]And defense counsel attempted to keep that evidence from the jury. Before the trial began, he made a motion in limine regarding evidence of Theus's criminal history, and he objected to the timeliness of the State's notice of its intent to use the prior conviction during the punishment phase.

[7]The record before us does not contain any evidence as to defense counsel's intent in eliciting Theus's pretrial testimony, and based on our holding, we need not speculate as to his intent.

[8]The parties analyzed Theus's ineffective assistance claim under *Strickland*, 466 U.S. at 668, 104 S. Ct. at 2052, rather than under *Cuyler*'s conflict-of-interest standard.  Even if we were to apply *Strickland*, defense counsel's purported error was not so serious that it deprived Theus of a fair trial. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  A defendant does not satisfy the prejudice prong of *Strickland* by showing merely "that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel . . . meet[s] that test, and not every error that conceivably

7

## IV. CONCLUSION

Having overruled Theus's sole issue, we affirm the trial court's judgment.

                                               SUE WALKER
                                               JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 18, 2013

---

could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693, 104 S. Ct. at 2067 (citation omitted).